831 F.2d 290
 RICO Bus.Disp.Guide 6751
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
EL-HOSS ENGINEERING AND TRANSPORT CO., W.L.L., Plaintiff-Appellant,
v.
Ahmed AKHAVAN, Alexander S. Wilner, Defendants-Appellees,
and
BONTECH CORP., Mamun M. Syed, Kaveh Zamani, Defendants.
 No. 86-3140.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 16, 1987.
Decided: Oct. 2, 1987.
 
 Judith Christine Foster for appellant.
 Ahmed Akhavan and Alexander S. Wilner, appellees pro se.
 Before MURNAGHAN, ERVIN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 El-Hoss Engineering and Transport Company, W.L.L., appeals from an adverse directed verdict order entered on one count of its suit. At the close of El-Hoss's evidence the district court directed a partial verdict against El-Hoss, finding that the evidence was insufficient to show a pattern of racketeering activity to support its civil RICO claim. The sole question presented in this appeal is whether the district court was correct in directing a verdict on the RICO count. We affirm because we agree with the district court that El-Hoss failed to introduce any evidence of a pattern of racketeering.
 
 
 2
 The circumstance giving rise to this suit was El-Hoss's order of a single shipment of Caterpillar-brand oil and fuel filters in June 1984. The defendants filled this order with non-conforming parts but sent packing lists showing that Caterpillar-brand parts had been shipped. When the defendants failed either to compensate El-Hoss for the improper filters or to remedy the situation by other means, El-Hoss brought this diversity action alleging state law claims for breach of contract and fraud and a federal claim pursuant to 18 U.S.C. Sec. 1961 for engaging in a pattern of racketeering activity. At the close of El-Hoss's case, the district court granted the defendants' motion for directed verdict on the RICO claim, ruling that "[t]his is one transaction, and I don't believe that it can be enlarged into any enterprise, a pattern of racketeering." While El-Hoss prevailed on the breach of contract and common law fraud claims, it now seeks review of the directed verdict order on the RICO claim.
 
 
 3
 The test for the granting of a directed verdict is whether, without weighing the evidence, " 'there can be but one conclusion as to the verdict that reasonable jurors could have reached.' " Alexander v. Curtis, 808 F.2d 337, 338-39 (4th Cir.1987) (quoting Wheatley v. Gladden, 660 F.2d 1024, 1027 (4th Cir.1981)). To avoid a directed verdict, a plaintiff must present sufficient evidence to establish a prima facie case. Alexander, 808 F.2d at 339.
 
 
 4
 This Court recently held that a "pattern of racketeering activity," 18 U.S.C. Sec. 1961(5), is not established by proving a "single, limited scheme" involving one transaction. International Data Bank, Ltd. v. Zepkin, 812 F.2d 149, 154 (4th Cir.1987). To hold otherwise would eliminate the pattern requirement altogether, and undermine Congress's intent that RICO serve as a weapon against ongoing unlawful activities, because it is "the unusual fraud that does not enlist the mails and wires in its service at least twice." Zepkin, 812 F.2d at 154-55.
 
 
 5
 El-Hoss has alleged and proven only a "single, limited scheme." The district court properly found that El-Hoss had failed to prove a "pattern of racketeering activity" and correctly withdrew this claim from the jury.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 7
 AFFIRMED.